## Tonuci v. Heidinger

*Samuel Melnick*, for plaintiff.
*John J. Kelly*, for defendant.

GILBERT, J., March 18, 1958.—The appeal is from our order of February 3, 1958, sustaining defendant's preliminary objections to plaintiff's amended complaint, and striking said complaint from the record.

Defendant Willis B. Heidinger is a member of the Philadelphia bar and solicitor for defendant building and loan association.

Plaintiff claims to recover of defendants the sum of $1,179.50, being the amount she, as holder of a second mortgage secured upon premises 1701 South

9th Street, Philadelphia, claims to have lost because of a sheriff's sale of said premises pursuant to a writ of fi. fa. sur bond accompanying defendant association's first mortgage, secured upon the same property, of which action she avers defendants failed to give her notice, and avers that, at the sheriff's sale on June 3, 1957, the property was struck down to the attorney on the writ for $1,000.

The first complaint avers that "on or about the 9th day of November, 1957 [obviously meaning November 10, 1954, see exhibit A]", plaintiff's attorney, Samuel Melnick, sent a written "notice" to defendant association, in care of its said solicitor, advising it that he represented "the holder of a second lien" on said premises "on which you hold the first mortgage", and asking said association "to be good enough to let me know in the event there should be a default in your mortgage, so that he can take measures to protect your interest as well as ours", and further asking the association to "please make a notation of this request on your records so that it will not be overlooked, and advise me that it has been done", adding, "thank you for your courteous cooperation".

This letter is the crux of the present case. We regard the said letter, a copy of which is attached to the complaint as exhibit A, as merely a gratuitous request from plaintiff to defendants for information of the institution of any proceedings on defendants' first mortgage, so that plaintiff could protect her interest as second mortgagee. There is nothing whatever in this record indicating that plaintiff gave to defendants any consideration for such a promise.

We feel on safe ground in saying that, in the absence of consideration, there is no duty upon any first mortgagee to notify a second mortgagee of the institution of proceedings upon the first mortgage. The second

mortgagee has actual or constructive notice thereof by virtue of the public notice required to be given by the holder of the first lien.

Nor do we find any evidence from this record that plaintiff did not have actual notice of the action taken by the first mortgagee. It was the duty of the second mortgagee to look after her own interest. In the absence of any consideration given by her to the first mortgagee, there is no duty upon the latter to look after her interest for her.

Plaintiff avers in her first complaint "that defendant accepted said written notice and agreed to comply with its provisions", and that "defendant Willis B. Heidinger acted as agent for the other defendant Gorgas Building and Loan Association". There is no specification in the complaint as to the manner of such acceptance or whether or not same was oral or written. Moreover, the admission that defendant Heidinger acted as agent for defendant association eliminates him as a defendant in this case, for, by plaintiff's own averment, he is an agent for a disclosed principal, and hence could not be legally responsible to plaintiff in the premises.

Defendants filed preliminary objections to said complaint, contending, inter alia, in addition to observations heretofore made, that the material facts on which the complaint is made are not stated in concise and summary forms, that a request to be advised of such action on the first mortgage imposes no contractual obligation on defendants, that the letter, entitled exhibit A, is not an "offer" to be "accepted" in the sense that it would result in a contract, in the absence of consideration, that plaintiff's damages, if any, arose from the default of the mortgagors rather than defendants' failure to notify her of said "foreclosure", that plaintiff failed to allege she had no actual knowledge of said foreclosure, which "was a matter of public

notice", that plaintiff fails to itemize the damages suffered by her, or to show how the value of said damages was determined and that plaintiff fails to allege that at the time of the default and the "foreclosure", she was not only willing but able to protect her interest as second mortgagee.

These preliminary objections were filed June 28, 1957, and on July 3, 1957, five days later, plaintiff filed an amended complaint. On July 23, 1957, defendants again filed preliminary objections to the said complaint.

This second complaint is as ineffective as the first complaint to sustain a good cause of action. The only additional facts averred in it are that "defendants orally accepted said written notice and agreed to comply with its provisions", that "the consideration for such acceptance was the undertaking made by plaintiff in her attorney's letter as above set forth that she would protect the interest of defendant . . . associaion, in the event there should be a default of its mortgage", without, however, specifying in what manner she would or could protect its interest, or indeed in what manner or for what reason the first mortgagee needed her protection.

It may be pertinent to note that the word "orally", added as aforesaid in the second complaint, is interpolated therein ahead of the word "accepted", indicating that even in the second complaint the original draft thereof did not specify whether such acceptance was oral or written, in spite of the preliminary objection on that point made to the first complaint, and that the word "orally" was later inserted in the second complaint, as an afterthought, before filing of record.

We also note that in the second complaint plaintiff repeats the same mistake she made in the first complaint, to wit, that her attorney's said gratuitous re-

quest for information of any action by the first mortgagee was sent "the 9th day of November, 1957", instead of November 10, 1954, obviously the correct date, supra, if we are to harmonize it with plaintiff's later averment in each complaint that "on or about the 12th day of November, 1954, defendants ['orally', added in the second complaint] accepted said written notice and agreed to comply with its provisions".

In her second complaint, plaintiff, having failed to do so in her first complaint, itemizes her damages (albeit insufficiently) as follows: "The balance due on said [second] mortgage was the sum of $1,000 and the amount of damages entered on the bond on said second mortgage was $1,174 on May 29, 1957, the entering of judgment paid to the prothonotary amounted to $5.50 making a total of $1,179.50." She does not disclose the nature of the item of $174 included in said total.

We may note here with some emphasis that plaintiff's request to be advised of action by defendants on the first mortgage preceded by two years and four months the institution of proceedings on defendants' mortgage, which means that plaintiff is basing its present suit upon defendants' failure to keep plaintiff's interest as second mortgagee in mind during that long period, without any consideration therefor disclosed by this record moving to defendants from plaintiff.

We agree with defendants' position, as above indicated, and hence we entered the order from which this appeal is taken.

The principles of law here involved are so well established as to need no citation of authority.